IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHEL NGAKOUE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 1:22-cv-363-LY |
| v. | § | (JURY) |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Michel Ngakoue, ("Plaintiff"), and files **Plaintiff's First Amended Complaint**, complaining of Safeco Insurance Company of Indiana ("Safeco") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### PARTIES

1. Plaintiff, Michel Ngakoue, resides in Travis County, Texas.

2. Defendant, Safeco Insurance Company of Indiana, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Defendant is properly before this Court.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and

costs.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

## FACTS

6. Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff purchased an insurance policy underwritten by Safeco Insurance Company of Indiana, number 0Y7462379 ("the Policy"). Safeco has provided coverage to the Property since 2015.

8. At all relevant times, Plaintiff owned the insured premises located at 15407 Connie Street, Austin, Texas 78728 ("the Property"). Since inception of coverage for the Property provided by Defendant in 2015, Plaintiff maintained the structure for commercial purposes and not as a residence. Such usage was plainly obvious as provided by the signage placed on the building's frontage.

9. Safeco Insurance Company of Indiana or its agent sold the Policy, insuring the Property, to Plaintiff. Safeco Insurance Company of Indiana represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. Coverage for all

perils for the Policy began on October 19, 2020 and ended October 19, 2021 ("Policy Period"),

10. The Policy sustained damage from a severe storm that passed through the Travis County, Texas area during the Policy Period.

11. In the aftermath of the storm, Plaintiff submitted a Claim to Safeco Insurance Company of Indiana against the Policy for damage to the Property. Safeco Insurance Company of Indiana assigned claim number HD000-045249440-01 to Plaintiff's claim (the "Claim"). The claim was assigned a date of loss of February 20, 2021.

12. Plaintiff asked Safeco to cover the cost of damage to the Property pursuant to the Policy.

13. Safeco Insurance Company of Indiana hired or assigned its agent, Kiva Cotham ("Cotham"), to inspect and adjust the claim. Cotham conducted an inspection on or about April 13, 2021, according to the information contained in their estimate. Cotham pulled no storm reports, no wind reports, and no hail reports Cotham failed to provide any findings related to weather to Plaintiff.

14. In a denial letter dated April 16, 2021, Cotham represented to Plaintiff that there was no hail related damage to the Property. After application of depreciation and $1,500 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

15. Safeco, through its agent, Cotham, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Safeco either failed to conduct appropriate research into weather events occurring at the insureds' location, or ignored that weather

information which showed that the location was impacted by severe weather during the Policy period.

16. Safeco and Cotham have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found additional storm damage that was completely absent from Cotham's estimate. The storm compromised the integrity of the roof allowing water to travel into and cause damage to the interior.

17. The damage to Plaintiff's Property is currently estimated at $24,326.39.

18. Cotham had a vested interest in undervaluing the claims assigned to them by Safeco in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Cotham.

19. Furthermore, Cotham was aware of Plaintiff's 1,500 deductible prior to inspecting the Property. Cotham had advanced knowledge of the damages they needed to document in order to be able to deny the Claim.

20. Cotham misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Cotham made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiff's Policy, Cotham misrepresented that the damage was caused by non-covered perils. Cotham used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22. As stated above, Safeco and Cotham improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, Safeco and Cotham misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

23. Safeco and Cotham made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Safeco and Cotham made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Cotham.

24. Plaintiff relied on Safeco and Cotham's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25. Safeco collected and has retained the insurance premiums for the Policy since the Policy's inception in 2015.

26. Upon receipt of the inspection and estimate reports from Cotham, Safeco failed to assess the Claim thoroughly. Based upon Cotham's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Safeco failed to provide coverage due under the Policy, and Plaintiff suffered damages.

27. Because Safeco and Cotham failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

28. Furthermore, Safeco and Cotham failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Cotham performed an unreasonable and substandard inspection that allowed Safeco to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

29. Safeco and Cotham's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

30. Safeco and Cotham's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Safeco and Cotham have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Safeco and Cotham have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

31. Safeco and Cotham's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Safeco and Cotham failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

32. Additionally, after Safeco received statutory demand on or about September 30, 2021, Safeco has not communicated that any future settlements or payments would be

forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

33. Safeco and Cotham's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Cotham performed a biased and intentionally substandard inspection designed to allow Safeco to refuse to provide full coverage to Plaintiff under the Policy.

34. Specifically, Safeco and Cotham performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

35. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claim. TEX. INS. CODE §542.055. Due to Cotham's subpar inspection, Safeco failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

36. Safeco's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Cotham's intentional undervaluation of Plaintiff's Claim, Safeco failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Cotham's understatement of the damage to the Property caused Safeco to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

37. Safeco and Cotham's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## SAFECO INSURANCE COMPANY OF INDIANA

38. All paragraphs from the fact section of this complaint are hereby incorporated into this section.

### BREACH OF CONTRACT

39. Safeco is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Safeco and Plaintiff.

40. Safeco's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

41. All allegations above are incorporated herein.

42. Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

43. Safeco's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

44. Safeco's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

45. Safeco's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

46. Safeco's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47. Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

48. Safeco's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

50. Safeco's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though Safeco knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51. Safeco's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Safeco pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Safeco. Specifically, Safeco's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Safeco have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Safeco's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

  B. Safeco represented to Plaintiff that the Policy and Safeco's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

  C. Safeco represented to Plaintiff that Safeco's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

  D. Safeco advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

  E. Safeco breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

  F. Safeco's actions are unconscionable in that Safeco took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Safeco's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

  G. Safeco's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52. Each of the above-described acts, omissions, and failures of Safeco is a producing cause of Plaintiff's damages. All of Safeco's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

53. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

54. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

55. The damages caused to the Property have not been properly addressed or repaired since the Claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

56. Plaintiff currently estimates that actual damages to the Property under the Policy are $24,326.39.

57. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

58. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

59. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

60. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

61. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Safeco owed, exemplary damages, and damages for emotional distress.

62. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

63. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

64. Plaintiff hereby requests a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiff prays that Defendant, Safeco Insurance Company of Indiana, be cited and served to appear and that upon trial hereof, Michel Ngakoue, recovers from Defendant, Safeco Insurance Company of Indiana such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show they are so justly entitled.

Dated: August 23, 2022

(signature on following page)

Respectfully submitted,

By: /s/ *Michael D. Jack*

Chad T. Wilson
Texas Bar No. 24079587
Southern District Bar No. 2249683
Michael D. Jack
Texas Bar No. 24120920
Southern District Bar No. 3643101
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
eservice@cwilsonlaw.com
mjack@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, August 23, 2022, Plaintiff's served *Plaintiff's First Amended Complaint* on all counsel of record via certified mail, fax, and/or electronic service:

Catherine L. Hanna
channa@hannaplaut.com
Hanna & Plaut, L.L.P.
211 East 7th Street, Suite 600
Austin, Texas 78701
(512) 472-7700
(512) 472-0205 (fax)

ATTORNEY FOR DEFENDANT

                                                                       */s/ Michael D. Jack*